NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLORIA JELKS,<br><br>    Plaintiff,<br><br>v.<br><br>NEWARK COMMUNITY HEALTHCARE CENTER, et al.<br><br>    Defendants. | Civil Action No.: 13-886 (JLL)<br><br>OPINION |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendants Joseph Gioia ("Gioia"), Jamilah Davis ("Davis"), and Newark Community Health Centers, Inc. ("NCHC") (collectively, "Defendants")'s motion to dismiss Plaintiff Gloria Jelks ("Jelks")'s amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[1] The Court has considered the submissions made in support of and in opposition to Defendants' motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

---

[1] The Court notes that the briefs filed in support of, and in opposition to, Defendants' motion to dismiss fail to comply with the Local Civil Rules. Specifically, none of the filed briefs comply with Local Civil Rule 7.2(b) because they neither contain a table of contents nor a table of authorities. *See* Loc. Civ. R. 7.2(b) ("Any brief *shall* include a table of contents and a table of authorities.") (emphasis added). Although the Court will look beyond the parties' violation of the Local Civil Rules in this instance, counsel are directed to comply with the Local Civil Rules in conjunction with any further submissions to this Court.

## I. BACKGROUND

This action arises from Plaintiff Gloria Jelks ("Jelks")'s allegations that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.

Jelks was hired by NCHC in or about 2009. (CM/ECF No. 5-2 at 7.) On or about August 28, 2009, Jelks overheard a telephone conversation between Davis—her supervisor—and the Director of Nurses—Joanne Williams. (*See id.*; *see also* CM/ECF No. 13 at 3.) Specifically, Jelks allegedly overheard Davis tell Williams, "I can't stand that old lady." (CM/ECF No. 5-2 at 7.) Prior to this incident, Jelks claims to have made several complaints to Human Resources about the hostile treatment she claims to have received from Davis.

Jelks' employment was ultimately terminated for alleged violations of company policy. (CM/ECF No. 5-2 at 7.)

On or about September 16, 2010, Jelks filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging sex and age discrimination. (CM/ECF No. 13 at 23-24.) In her charge to the EEOC, Jelks also alleged that "Gioia made derogatory comments to the female employees" and "attempted to pit one female employee against another female employee." (*Id.* at 25.)

On or about June 4, 2012, the EEOC issued a final determination letter. (CM/ECF No. 13 at 17.) In that letter, the EEOC made the following relevant conclusions: (1) Jelks made a formal complaint of harassment, and NCHC was aware of the allegations; (2) NCHC did not take prompt effective remedial action; and (3) there is reasonable cause to believe that NCHC has discriminated against Jelks on account of age. The EEOC, nevertheless, was "unable to conclude" that Jelks was discriminated against on the basis of sex. (CM/ECF No. 13 at 18.) In

the final determination letter, the EEOC advised Jelks that if she wished to file a lawsuit, she would have to do so within 90 days. (*Id.*)

On November 21, 2012, the EEOC issued a Notice of Right to Sue letter. In said letter, the EEOC advised Jelks that any claims for violations of Title VII and the ADEA "must be filed within 90 days." (*Id.* at 20.) The EEOC further advised Jelks that any claim for violations of the Equal Pay Act ("EPA") must be filed "within 2 years (3 years for willful violations) of the alleged EPA underpayment." (*Id.*)

On February 13, 2013, Jelks filed a *pro se* complaint against NCHC. (CM/ECF No. 1.) She then filed an amended *pro se* complaint on March 4, 2013 against NCHC, Gioia, and Davis. (CM/ECF No. 3.) In her amended complaint, Jelks alleges that Defendants discriminated against her on account of her age; created a hostile work environment; failed to pay her for earned vacation time and personal time; harassed her; and wrongfully terminated her employment in violation of Title VII and the ADEA.

## II.   LEGAL STANDARD

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a

complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Young v. Speziale*, No. 07-3129, 2009 U.S. Dist. LEXIS 105236, *6-7 (D.N.J. Nov. 10, 2009) (quoting *Iqbal*, 556 U.S. at 679). In light of Jelks' *pro se* status, the Court construes the amended complaint liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. DISCUSSION

Defendants argue that Jelks' amended complaint should be dismissed for the following reasons: (1) Jelks' Title VII and ADEA claims are time-barred because they were not filed within 90 days of receipt of the final determination letter; (2) Jelks' EPA claim was filed outside of the two-year statute of limitations period; and (3) the claims against Gioia and Davis fail as a matter of law because (a) Jelks' claims do not provide for individual liability and (b) Jelks failed to file an EEOC charge against either Gioia or Davis prior to filing her amended complaint. The Court will address each of these arguments in turn.

A. <u>Timeliness of Jelks' Title VII and ADEA Claims</u>

Defendants maintain that Jelks "was obligated to file her claim in court within 90 days of the Final Determination Letter she received on or about June 14, 2012." (CM/ECF No. 5-1 at 7.)

Defendants point to the following language in the Final Determination Letter to support their argument that Jelks' claims are time-barred:

> If Charging Party decides to sue, she must sue within 90 days from receipt of this notice, otherwise, the right to sue is lost.

(*Id.*)

It is well settled that "[i]n order to be timely, a claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter [from the EEOC]." *See Sherlock v. Montefiore Medical Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e-5(f)(1)); *see also Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986) ("[A] plaintiff has ninety days after receiving [a right-to-sue letter from the EEOC] in which to file suit."); *Covington v. URS Corp. Wash. Div.*, No. 11-4516, 2013 U.S. Dist. LEXIS 70755, at *7 (D.N.J. May 20, 2013) ("In the event that the EEOC issues a right-to-sue letter, an ADEA claimant must file its federal suit within ninety days after receipt of the letter.") (citing 29 U.S.C. § 626(e)).

Here, Jelks received the EEOC's right-to-sue letter on or about November 23, 2012, approximately five months *after* she received the EEOC's final determination letter. (CM/ECF No. 3 at 2.) She subsequently filed her complaint on February 13, 2013—well within 90 days of receiving the right-to-sue letter. The Court, therefore, is satisfied that Jelks' Title VII and ADEA claims are not time-barred, notwithstanding the fact that the final determination letter advised Jelks to file suit within 90 days of June 14, 2012. *See, e.g., Sherlock*, 84 F.3d at 525. Accordingly, insofar as Defendants move to dismiss Jelks' Title VII and ADEA claims on statute of limitations grounds, Defendants' motion is denied.

    B.    <u>Jelks' EPA Claim</u>

At the outset, the Court notes that Jelks has not specifically asserted an EPA claim in her amended complaint. Defendants nevertheless maintain, and Jelks does not dispute, that the EPA "controls [Jelks]'s right to sue for failure to pay 'earned vacation time and personal time.'" (CM/ECF No. 5-1 at 8.) Accordingly, the Court construes Jelks' amended complaint as asserting an EPA claim.

The EPA provides, in relevant part, that a cause of action

> may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255(a).

According to Defendants, Jelks' EPA claim is untimely because it was not filed within two years of August 28, 2009, the date that Jelks overheard the telephone conversation between Davis and the Director of Nurses. Jelks counters that "[t]he decision of NCHC to not pay [her] for time that is owed . . . and to which she is entitled is intentional and willful." (CM/ECF No. 13 at 11.) Thus, Jelks maintains that she has a "three year window from the time of the violation to file suit." (*Id.* at 11-12.)

In her amended Complaint, Jelks fails to allege when her cause of action under the EPA accrued. Additionally, Jelks has not alleged any facts to support the plausible inference that Defendants willfully violated the EPA. Therefore, this Court has no way of determining whether Jelks' EPA claim is governed by a three-year or two-year statute of limitations. *See Twombly*,

550 U.S. at 555. As Jelks has failed to make allegations raising her right to relief under the EPA above the speculative level, her EPA claim is dismissed without prejudice.[2]

C.  Title VII and ADEA Claims against Gioia and Davis

Defendants argue that Jelks' claims against Gioia and Davis must be dismissed because (1) Gioia and Davis were not Plaintiff's employers, but individual employees of NCHC and (2) Jelks did not file a claim against either Davis or Gioia with the EEOC prior to filing her amended complaint. (*See* CM/ECF No. 5-1 at 9-12.)

It is well settled that individual employees cannot be held liable under either Title VII or the ADEA. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc) ("Congress did not intend to hold individual employees liable under Title VII."); *Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006) (stating that "the ADEA does not provide for individual liability"); *see also N'Jai v. Floyd*, 386 Fed. Appx. 141, 144 (3d Cir. 2010) ("The Wilkinsburg Individuals cannot be held liable under Title VII, the ADA, or the ADEA"). Rather, only an employer may be held liable under either Title VII or the ADEA. *See, e.g., Page v. City of Pittsburgh*, 114 Fed. Appx. 52, 55 n.1 (3d Cir. Nov. 8, 2004) ("We have held that only employers, and not individual employees, may be held liable under Title VII.") (citing *Sheridan,* 100 F.3d at 1077-78); *Sell v. BC Int'l Grp.*, No. 13-215, 2013 U.S. Dist. LEXIS 69753, at *12 (W.D. Pa. May 16, 2013) ("The Court agrees with Defendant that under the provisions of Title VII, the ADEA, and PHRA, only 'employers' may be liable for acts of discrimination.").

---

[2] The Court notes that "individuals cannot be held liable under the EPA with the exception of a corporate officer who engages in acts outside the scope of his agency or if the corporate entity is not culpable or can only be reached by piercing the corporate veil." *See, e.g., Cunningham v. Freedom Ford Sales, Inc.*, No. 03:2006-205, 2007 U.S. Dist. LEXIS 60613 (W.D. Pa. Aug. 17, 2007) (citations omitted). Jelks' failure to allege that Gioia and Davis were employers for purposes of the EPA is further reason to dismiss the EPA claim against these individuals.

The record before the Court makes clear that neither Gioia nor Davis were Jelks' employers. Rather, the record suggests that these individuals were employees of NCHC. Specifically, Gioia is NCHC's Director of Human Resources, (*see* CM/ECF No. 3-2 at 1), and Davis was Jelks' supervisor, (CM/ECF No. 13 at 24). As neither Gioia nor Davis employed Jelks, Jelks' Title VII and ADEA claims against these individuals fail as a matter of law. Thus, Jelks' Title VII and ADEA claims against Gioia and Davis are dismissed with prejudice.

In light of the Court's conclusion that Gioia and Davis cannot be held individually liable under Title VII or the ADEA, it need not consider whether Plaintiff properly filed a claim against these individuals with the EEOC prior to filing this lawsuit.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Specifically, to the extent that Defendants have moved to dismiss the Title VII and ADEA claims against Gioia and Davis, the motion is granted; Plaintiff's Title VII and ADEA claims against Gioia and Davis are dismissed with prejudice. Defendants' motion is also granted insofar as they have moved to dismiss Plaintiff's EPA claim; said claim is dismissed without prejudice. To the extent that Defendants have moved to dismiss Jelks' Title VII and ADEA claims against NCHC on statute of limitations grounds, the motion is denied. Plaintiff may file a second amended complaint within 30 days from the date of entry of the Order accompanying this Opinion to cure the pleading deficiencies in her amended complaint.

Because the Court will allow Jelks to file a second amended complaint, it will not consider the propriety of ordering her to file a more definite statement under Federal Rule of Civil Procedure 12(e). Given the early stage of this litigation, the Court will also allow Jelks to add additional claims. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

justice so requires"). Jelks is hereby advised that if she files a second amended complaint, she must assert facts showing each defendant's involvement in the alleged wrongs in order to satisfy the pleading requirement of Federal Rule of Civil Procedure 8(a). Stated differently, Jelks must present sufficient facts to support the plausible inference that *each* defendant is liable for *each* claim asserted. *See, e.g., Smart v. Pa. Pub. Util. Comm'n.*, No. 96-3586, 1996 WL 442618, at *4 (E.D. Pa. Aug. 2, 1996) (instructing *pro se* plaintiff that a complaint "should clearly identify each defendant, the conduct of each defendant allegedly harming him, and the relief he seeks, setting forth the facts relating to each defendant and to each claim"); *Schiano v. MBNA*, No. 05-1771, 2013 WL 2452681, at *7 (D.N.J. Feb. 11, 2013) (reiterating that plaintiff must "make clear which claims are being asserted specifically against which defendants, and the specific factual basis for each claim against each defendant, as well as the specific relief being sought and the grounds for that relief").

An appropriate Order accompanies this Opinion.

Date: July 22, 2013

Jose L. Linares
United States District Judge