NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLORIA JELKS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEWARK COMMUNITY HEALTH CENTERS,<br><br>　　　　Defendant. | Civil Action No. 13-886 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Newark Community Health Centers (hereinafter "Defendant")'s motion to dismiss Counts Five and Six of Plaintiff Gloria Jelks ("Plaintiff")'s Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**I.　BACKGROUND**

This action arises from Plaintiff's allegations that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., the Equal Pay Act ("EPA"), 29 U.S.C. § 206, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

Plaintiff was hired by Defendant in 2009 to work as a Certified Medical Technician-Patient Navigator in its health service centers. (SAC ¶ 5.) At that time, Plaintiff was fifty-nine years old. (*Id.* at ¶ 8.) She alleges that in January 2010, manager Simone Domingos informed the staff that they had to clock out for the day at 5:00 p.m., and that failure to do so would result in termination. (*Id.* at ¶ 31.) Subsequently, however, another supervisor, Provider Felicia Briggs, told the staff that it was against the law to clock out and leave while patients were still at the facility. (*Id.* at ¶ 32.) Plaintiff alleges that, in accordance with Domingos's instruction, she would typically clock out at 5:00 p.m., but continue to work until 8:00 or 9:00 p.m. (*Id.* at ¶ 33.) Therefore, Plaintiff would typically work three or four hours overtime without compensation. (*Id.*)

Plaintiff also alleges that she experienced a hostile work environment and discrimination based on her age and gender while working for Defendant. Specifically, Plaintiff alleges that on August 28, 2009, she overheard a telephone conversation between Jamilah Davis, her supervisor, and the Director of Nursing, Joanne Williams. (*Id.* at ¶ 21.) Specifically, Plaintiff claims that she overheard Davis tell Williams, "I can't stand that old lady." (*Id.*) Plaintiff claims to have made several complaints to Human Resources about the hostile treatment she received from Davis. (*See, e.g., id.* at ¶¶ 22-24.)

In addition, Plaintiff claims to have been discriminated against on the basis of her gender by Joseph Gioia, the Manager of Human Resources. She alleges that Gioia made derogatory comments to female employees, attempted to pit female employees against each other, and treated male employees in a preferential manner. (*Id.* at ¶ 29.)

Plaintiff was ultimately terminated by Gioia after recording a conversation at work, in violation of company policy. (*Id.* at ¶¶ 37-38.) Plaintiff recorded a conversation between herself

and Domingos related to Davis's poor evaluation of Plaintiff. (*Id.* at ¶ 36.) Plaintiff played the recorded conversation for Gioia as proof that Plaintiff was being discriminated against. (*Id.* at ¶ 37.) On March 10, 2010, Gioia "used the recording [as] a pretext to terminate Plaintiff due to her complaints that Davis was continuing to discriminate against her." (*Id.*) In terminating Plaintiff, Defendant allegedly violated its own progressive discipline policy and did not compensate Plaintiff for her unused vacation and personal time. (*Id.* at ¶ 39.)

On March 4, 2013, Plaintiff filed an Amended Complaint, *pro se*, against then-Defendants NCHC, Gioia, and Davis. [CM/ECF No. 3.] On July 23, 2013, this Court dismissed Plaintiff's EPA claim without prejudice, dismissed Plaintiff's Title VII and ADEA claims against Gioia and Davis with prejudice, and upheld Plaintiff's Title VII and ADEA claims against Defendant NCHC. [CM/ECF No. 15.] Thereafter, Plaintiff obtained counsel and filed a Second Amended Complaint on September 23, 2013. [CM/ECF No. 24.] In her Second Amended Complaint, Plaintiff alleged that Defendant NCHC, now the sole defendant in this matter, discriminated against her on account of her age and gender; created a hostile work environment; retaliated against her for lodging complaints; failed to pay her for earned vacation and personal time in violation of the EPA; failed to pay her for overtime in violation of FLSA; and wrongfully terminated her employment in violation of Title VII and the ADEA. On October 7, 2013, Defendant moved to dismiss Counts Five and Six of Plaintiff's Second Amended Complaint, for willful violations of the EPA and FLSA, respectively.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals

3

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*

## III. DISCUSSION

Defendant argues that Counts Five and Six of Plaintiff's Second Amended Complaint should be dismissed for the following reasons: (1) Plaintiff's EPA claim was filed outside of the two-year statute of limitations period; and (2) Plaintiff's FLSA claim was filed outside of the two-year statute of limitations period, and is time-barred even if the three-year statute of limitations period applies. The Court will address each of these arguments in turn.

### A. Timeliness of Plaintiff's EPA Claim

Defendant argues that Plaintiff's EPA claim should be dismissed because it is time-barred. Plaintiff was terminated on March 19, 2010; the present action was filed on February 13, 2013, over two years later. The EPA requires that actions be commenced within two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "[A]n employer 'willfully' violate[s] the Act when it 'knew or showed reckless disregard for the matter of whether its conduct was prohibited' by [a provision of] the Fair Labor Standards Act." *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991) (quoting *McLaughlin v. Richland Shoe Co.*, 486

4

U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988)). In setting forth the above standard for willfulness under § 255(a), the Supreme Court in *McLaughlin* held that "[t]he fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations." 486 U.S. at 132. Additionally, in *Martin*, the Third Circuit stated that "whether [a defendant's] knowledge or intent amount[] to willfulness under the statute is a question of law." 949 F.2d at 1292. Thus, for purposes of a motion to dismiss, the question is whether Plaintiff has made sufficient allegations, which accepted as true, could demonstrate that the Defendant knew or recklessly disregarded its legal obligation to comply with the EPA. *See Marina Wood v. Kaplan Props.*, 2009 U.S. Dist. LEXIS 89834, at *18-21 (D.N.J. Sept. 29, 2009).

Plaintiff contends that she has alleged facts sufficient to state a plausible claim for a willful violation of the EPA. She claims that "NCHC was at least aware that it willfully violated the EPA by not following its progressive discipline policy in furtherance of the discrimination [to which] [P]laintiff was subjected, rendering its failure to compensate Plaintiff for her earned vacation and personal time willful." (Pl. Opp. at 2.) However, neither the Second Amended Complaint nor Plaintiff's opposition demonstrates why a violation of Defendant's progressive discipline policy is proof of a knowing or reckless disregard of the EPA.

In accordance with *Iqbal*, it is insufficient to merely assert that an employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support such a conclusion. *Iqbal*, 556 U.S. at 679-80. In *Martin*, the Third Circuit ruled that a district court's finding of a willful FLSA violation was sufficiently supported where the employer had expressed concern about the legality of the pay structure in question and

5

"continued using [the pay structure] despite concerns and doubts as to its legality." 949 F.2d at 1296. The Court held that the employer's "evident indifference toward the requirements imposed by the FLSA is fully consistent" with a willful violation of the Act. *Id.* The Second Circuit found facts sufficient to support a jury's finding of a willful EPA violation where a plaintiff complained to her employer about a discrepancy in pay between female and male employees but the employer did nothing even after being put on notice. *Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 119-20 (2d Cir. 1997). On the other hand, the Fifth Circuit, in granting summary judgment for a defendant, held that "the facts that [the plaintiff] was paid less than many of her male colleagues and that [her employer] knew she was dissatisfied with this difference [was] not enough to raise a fact question as to whether [the employer] knew or recklessly disregarded that its pay scale was prohibited by the FLSA." *Kiki Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, No. 06-031111, 579 F.3d 546, 2009 U.S. App. LEXIS 18552, at *16 (5th Cir. Aug. 18, 2009). The Fifth Circuit further stated that the plaintiff "ha[d] not provided evidence that [the employer] actually knew that the pay structure violated the FLSA, or that [it] ignored or failed to investigate [her] complaints." *Id.* The Court held that, without more, the violation was an ordinary EPA violation subject to the two-year limitations period. *Id.*; *see also, e.g., Ochoa v. Pearson Educ., Inc.*, 2012 U.S. Dist. LEXIS 3802, at *9 (D.N.J. Jan. 12, 2012) (finding facts insufficient to state a plausible willful FLSA violation); *Mell v. GNC Corp.*, 2010 U.S. Dist. LEXIS 118938, at *26 (W.D. Pa. Nov. 9, 2010) ("[T]here are no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored.").

Here, Plaintiff has not alleged that she complained to the Defendant that she was being denied compensation for her earned personal and vacation time and that it disregarded her complaints. She has not alleged that Defendants ever expressed concern that their behavior in not paying her for this time may not be legal. She has simply alleged that she was terminated in violation of a discipline policy that would have required Defendant, before terminating Plaintiff, to issue a verbal warning, then a written warning, and then a performance evaluation or suspension. (*See* SAC ¶ 38; Pl. Opp. at 2.) These allegations say nothing about Defendant's knowledge or disregard for its legal obligation under the EPA regarding compensation for Plaintiff's personal and vacation time. Therefore, the Court finds that Plaintiff has failed to adequately plead facts to support a willful violation of the EPA and that, as a result, her claim for a violation of the EPA is time-barred. Defendants' motion to dismiss Count Five is granted; it is dismissed without prejudice.

B. Timeliness of Plaintiff's FLSA Claim

Defendant also argues that Plaintiff's FLSA claim should be dismissed as time-barred. FLSA is governed by the same statute of limitations as Plaintiff's EPA claim; therefore, FLSA claims are subject to a two-year statute of limitations for ordinary violations and a three-year statute of limitations for willful violations. 29 U.S.C. § 255(a); *Abulkhair v. PPI/Time Zero, Inc.*, 398 Fed. App'x. 710 (3d Cir. 2010). Defendant alleges that Plaintiff's FLSA claim is time-barred under both the applicable two- and three-year periods.

Generally, a "[statute of] limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). "However, the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in

7

the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Id.* Thus, Defendants may prevail on the statute of limitations at the motion to dismiss stage only if it is apparent from the face of the complaint that the cause of action is barred. *Robinson*, 313 F.3d at 135; *see also Cain v. Dep't of Pub. Welfare*, 442 F. App'x. 638 (3d Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1987)).

Defendant maintains that Plaintiff's FLSA claim accrued in January 2010, the date on which Plaintiff was instructed by Simone Domingos to punch out 5:00 p.m. (SAC ¶ 31.) Plaintiff alleges, however, that she would "typically" work until 8:00 p.m. or 9:00 p.m. "despite punching out at 5:00 p.m." (SAC ¶ 33.) In light of this, Plaintiff argues that her FLSA claim accrued on March 19, 2010, the date she was terminated. (Pl. Opp. at 4.)

"[A] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed.'" *Mitchell v. C&S Wholesale Grocers, Inc.*, 2010 U.S. Dist. LEXIS 68269, at *6-7 (D.N.J. July 8, 2010) (quoting *Genarie v. PRD Mgmt., Inc.*, No. 04-2082, 2006 U.S. Dist. LEXIS 9705, at *49 (D.N.J. Feb. 17, 2006)). Plaintiff's original Complaint was filed on February 13, 2013. Therefore, if Plaintiff received a paycheck on or after February 13, 2010 that did not compensate her for overtime work, Plaintiff's claim for a willful violation of FLSA is not time-barred. Since the facts alleged in the Second Amended Complaint are sufficient to support the plausible inference that the accrual date of Plaintiff's FLSA claim is within the statute of limitations, the Court declines to dismiss Plaintiff's claim as time-barred. The Court will now assess whether Plaintiff has stated a plausible claim for a willful violation of FLSA.

8

Defendant maintains that even if the FLSA claim accrued on March 19, 2010, the date of Plaintiff's termination, Plaintiff's FLSA claim is nonetheless time-barred. Defendant alleges that Plaintiff has failed to state a claim for a willful violation of the FLSA, and, therefore, the two-year statute of limitations should apply. The Court disagrees. Plaintiff alleges that Simone Domingos was the manager in charge, and that Domingos told the staff that if they did not punch out at 5:00 p.m., they would be fired. (*Id.* at ¶¶ 29a, 31, 35.) Taken as true, Plaintiff's allegation plausibly demonstrates at least Defendant's reckless disregard for whether its conduct was prohibited by the plain language of the FLSA. *McLaughlin*, 486 U.S. at 133. At this stage of the proceedings, this is sufficient to support a claim for a willful violation. Since the accrual date for the violation alleged by Plaintiff is plausibly within three years of the date of filing of the original Complaint, the Court denies Defendants' motion to dismiss Plaintiff's FLSA claims.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part. Specifically, to the extent that Defendant moved to dismiss Plaintiff's EPA claim, the motion is granted; Count Five is dismissed without prejudice. To the extent that Defendant moved to dismiss Plaintiff's FLSA claim, the motion is denied. Plaintiff may file a third amended complaint by December 30, 2013 to cure the pleading deficiencies in her EPA claim. Failure to do so will result in dismissal of Count Five *with prejudice.*

An appropriate Order accompanies this Opinion.

José L. Linares
United States District Judge

Date: November 22, 2013

9